# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WYATT,<br>Petitioner,<br><br>v.<br><br>DAVID DIGUGLIELMO et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:   NO. 08-0614<br>:<br>:<br>:<br>:<br>: |

FILED

MAR 21 2008

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

YOHN, J.                                                                                           March 20th, 2008

    Petitioner Kevin Wyatt has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He includes two claims, both of which are based on what he characterizes as newly discovered evidence: (1) the Philadelphia District Attorney's Office maintained a policy of racial discrimination in jury selection, which affected the selection of jurors in his case, in violation of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986); and (2) he did not receive credit by the trial court for the time he spent in custody for first degree murder prior to his resentencing for third degree murder, in violation of his federally protected due process and equal protection rights.

    The current application is not Wyatt's first application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wyatt filed an application in 1996, and I dismissed it without prejudice for failure to exhaust state court remedies. *See Wyatt v. Larkins*, No. 96-6597, Doc.

1

No. 6 (E.D. Pa. Nov. 27, 1996). Wyatt filed a renewed application in 2004, which I denied on its merits. *See Wyatt v. Diguglielmo*, No. 04-0148, 2005 WL 1114350 (E.D. Pa. May 10, 2005). Wyatt's current application is therefore a second or successive application.

Neither of the claims Wyatt presents here was presented in his prior habeas corpus application. The relevant provision of the Antiterrorism and Effective Death Penalty Act of 1996 requires that new claims presented in a second or successive § 2254 application "shall be dismissed" unless

> (i) the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). Wyatt argues that the new evidence on which he bases his claims could not have previously been discovered through the exercise of due diligence. However, "[b]efore a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3). Wyatt must therefore seek authorization from the Third Circuit before proceeding with his current application for a writ of habeas corpus.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WYATT,
    Petitioner,

v.

DAVID DIGUGLIELMO et al.,
    Respondents.

CIVIL ACTION
NO. 08-0614

FILED
MAR 21 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW this 20 day of March 2008, upon consideration of petitioner Kevin Wyatt's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS HEREBY ORDERED** that:

1. Leave is **GRANTED** to petitioner to proceed in forma pauperis in this matter.

2. The application is **REFERRED** to the United States Court of Appeals for the Third Circuit for consideration as a second or successive petition.

3. The Clerk shall mark this matter **CLOSED** for statistical purposes.

                                        William H. Yohn Jr., Judge