# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KEVIN WYATT,<br>  Petitioner,<br><br>  v.<br><br>DAVID DIGUGLIELMO, *et. al.*,<br>  Respondents. | :<br>:   CIVIL ACTION<br>:<br>:   NO. 08-614<br>:<br>:<br>:<br>:<br>: |

**Memorandum**

YOHN, J.                                                                                                                   May 28, 2009

Petitioner Kevin Wyatt seeks habeas corpus relief from a state sentence of imprisonment.

On March 10, 1992, a jury found Petitioner guilty of murder of the first degree, two counts of robbery and criminal conspiracy.  Subsequently, on June 1, 1993, the Court of Common Pleas of Philadelphia County (trial court) imposed a sentence of life imprisonment on the murder charge and separate terms of ten (10) to twenty (20) years on each of the two robbery charges, to be served consecutive to each other but concurrent to the life sentence.  Petitioner received a suspended sentence relating to his conviction on the criminal conspiracy charge.

. . . .

Petitioner then filed a petition with the trial court seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546.  The trial court, however, denied such relief.  Petitioner appealed this denial to [the] Superior Court.

By unreported opinion and order dated July 16, 2001, the Superior Court affirmed the denial of relief as to the robbery charges, but reversed the denial of relief as to the first-degree murder charge, vacated Petitioner's conviction in this regard and remanded to the trial court for a new trial solely as to this charge. [*Commonwealth v. Wyatt*, No. 2050 EDA 1999, slip op. at 15 (Pa. Super. Ct. July 16, 2001) (attached to respondent's response (Doc. No. 14) as Ex. R-4) (hereinafter R-4).] Nevertheless, while on remand, Petitioner pled guilty to the charge of third-degree murder on January 26, 2004.  The same day, the trial court sentenced Petitioner to a term of imprisonment of ten (10) to twenty (20) years, to run consecutively to the previously imposed robbery sentences.

*Wyatt v. Beard*, No. 558 M.D. 2007, slip op. at 2-3 (Pa. Commw. Ct. July 25, 2008) (footnotes omitted) (attached to respondent's response (Doc. No. 14) as Ex. R-11) [hereinafter R-11].

Specifically, the second trial court judge wrote on his sentencing order that Wyatt's new third degree murder sentence was "consecutive to all sentences [defendant] is currently serving. [Defendant is] to receive credit for all time in this case." *Commonwealth v. Wyatt*, No. 51-CR-0603901-1990 (Pa. Ct. Com. Pl. (Phila.) Jan. 26, 2004) (sentencing order) (attached to respondent's response (Doc. No. 14) as Ex. R-5). On April 1, 2004, the Department of Corrections ("DOC") "updated Petitioner's Sentence Status Summary" (Resp'ts' Ex. R-6). As documented in that sentencing summary, the DOC aggregated Wyatt's three 10 to 20 year sentences into a 30 to 60 year term of imprisonment. *Id.* Crediting Wyatt for time he served prior to his original sentencing, the DOC determined that Wyatt had an effective incarceration start date of August 14, 1991, a minimum release date of August 14, 2021, and a maximum release date of August 14, 2051. (*Id.*; Resp'ts' Resp. at 3 n.2.) Wyatt disputes these minimum and maximum release dates, and his disagreement with respondents forms the basis for his present habeas petition.

The Commonwealth Court also explained that, after having filed two unsuccessful petitions for review with the Commonwealth Court of the DOC computation:

> On November [21], 2007, Petitioner filed his third and [latest] petition for review with [the Commonwealth Court]. Petitioner alleged that, based on newly disclosed records and procedural facts, he is entitled to an award of twelve (12) years and five (5) months of credit for time served to reduce his related sentence for the charge of murder in the third degree to a maximum term of seven (7) years and seven (7) months. As to the "newly disclosed records" supporting his latest petition for review, Petitioner cited to [the] Superior Court's opinion and order dated August 8, 2007, wherein the Court indicated that the trial court had directed that Petitioner receive credit for all time served. Petitioner asserted that the Secretary, despite being

> bound to follow the trial court's order, has continually refused to award him such credit.

(R-11 at 4 (footnotes omitted).)

On July 25, 2008, the Commonwealth Court dismissed this third petition, sustaining the Secretary's preliminary objection in the nature of a demurrer on grounds of collateral estoppel, noting that petitioner's "factual allegations and his recitation of legal issues in [his third] petition and his prior petitions are indistinguishable" and that the Commonwealth Court had "dismissed Petitioner's prior petitions for review based on their identical substantive facts and legal issues." (R-11 at 6.)  Additionally, the Commonwealth Court opined that petitioner's claim lacked merit and that he sought "impermissible double credit." (*Id*.)  As to this latest decision by the Commonwealth Court, dismissing his third petition for review, Wyatt filed a notice of appeal to the Supreme Court of Pennsylvania on August 4, 2008.  Wyatt filed his brief on December 16, 2008, and appellee's brief was filed on January 16, 2009.  As of the writing of this memorandum, Wyatt's appeal is pending before the Supreme Court of Pennsylvania.[1]

On February 5, 2008, Wyatt completed his present application for writ of habeas corpus, which was docketed with the court on February 7, 2008.  He raised two claims, both of which are based on what he characterized as newly discovered evidence:  (1) that the Philadelphia District Attorney's Office maintained a policy of racial discrimination in jury selection, which affected the selection jurors in his case, in violation of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986); and (2) as discussed above, that he did not receive credit by the trial court for the

---

[1] *See* Pennsylvania Supreme Court Docket Sheet for *Wyatt v. Beard*, No. 48 EAP 2008, available through Pennsylvania's Unified Judicial System appellate docket search: http://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

time he spent in custody for first degree murder prior to his resentencing for third degree murder, in violation of his federally protected due process and equal protection rights. On March 20, 2008, the court referred Wyatt's application to the Third Circuit for consideration as a second or successive petition.[2] On May 22, 2008, the Third Circuit denied Wyatt's application to file a second or successive petition, as to his *Batson* claim, because he did not satisfy the requirements of 28 U.S.C. § 2244(b)(2).[3] *In re: Kevin Wyatt*, No. 08-1914 (3d Cir. May 22, 2008). The Third Circuit also held, however, that Wyatt's sentencing credit claim did not constitute a second or successive petition for purposes of AEDPA, and that claim, therefore, could proceed without the Third Circuit's authorization. *Id.*

## II.     DISCUSSION

---

[2] Wyatt first filed an application for habeas relief in 1996, which I dismissed without prejudice for failure to exhaust state court remedies. *Wyatt v. Larkins*, No. 96-6597, Doc. No. 6 (E.D. Pa. Nov. 27, 1996). On January 14, 2004, Wyatt again petitioned this court for habeas corpus relief. *Wyatt v. DiGuglielmo*, No. 04-148, 2005 WL 1114350, at *2 (E.D. Pa. May 10, 2005). Finding no merit in his claims, the court denied Wyatt's petition on May 10, 2005. *Id.* at *11.

[3] 28 U.S.C. §2244(b)(2) states:
A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Habeas courts can not grant habeas corpus relief under § 2254 "unless the petitioner has 'exhausted the remedies available in the courts of the State.'" *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)(A)). The requirement of exhaustion is "grounded in principles of comity . . . [giving] States . . . the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To fairly present claims, "a petitioner must 'present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *McCandless v. Vaughan*, 172 F.3d 255, 261 (3d Cir. 1999)).

Normally, in Pennsylvania, a petitioner need not seek review with the Pennsylvania Supreme Court to properly exhaust. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (holding that the Pennsylvania Supreme Court is "unavailable" for purposes of exhaustion, because the Pennsylvania Supreme Court, by its own order, does not require a petitioner to appeal an adverse Superior Court ruling to exhaust). Consequently, to satisfy § 2254(b)(1)(A), a typical petitioner must present his claims to the Pennsylvania Superior Court. *See Williams v. Folio*, No. 07-1099, 2008 WL 336306, *3 (E.D. Pa. Feb. 4, 2008) (stating that "a habeas petitioner successfully exhausts a claim by bringing it to the Superior Court either on direct appeal or during PCRA proceedings"). In Wyatt's case, however, this typical exhaustion regime does not apply because Wyatt presented his present to claim to the Commonwealth Court of Pennsylvania. Indeed, as mentioned above, the Commonwealth Court stated that, in denying one of Wyatt's PCRA appeals, the Superior court "noted that any claims regarding a computation or miscalculation of sentence are not cognizable under the PCRA and must be presented directly to

the [Pennsylvania] Department of Corrections or to [the Commonwealth Court of Pennsylvania] through an original action." (R-11 at n.5).

The Commonwealth Court apparently considered Wyatt's petitions for review under its original jurisdiction pursuant to 42 Pa. Cons. Stat. § 761, rather than under appellate jurisdiction. Consequently, an appeal to the Pennsylvania Supreme Court would be of right pursuant to 42 Pa. Cons. Stat. § 723, and the Pennsylvania Supreme Court's order[4] under which appeal to the Superior Court satisfies exhaustion would not apply. Moreover, regardless of whether Wyatt must appeal to the Pennsylvania Supreme Court to exhaust his state remedies, he has filed such an appeal. As mentioned, that appeal is briefed and pending before the Pennsylvania Supreme Court. Recognizing that the Pennsylvania Supreme Court has yet to address the case, and with due respect for that court and comity, the court holds that petitioner has not yet exhausted his state remedies.

Accordingly, the court will stay Wyatt's petition and place this proceeding in abeyance pending the Pennsylvania Supreme Court's decision in this matter. The United States Supreme Court has stated that "[d]istrict courts do ordinarily have authority to issue stays" and that "AEDPA does not deprive district courts of that authority, but it does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citations omitted). "[S]tay and abeyance is only appropriate" where (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) unexhausted claims are not "plainly meritless," and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78;

---

[4] *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000).

*see Green v. Folino*, No. 03-674, 2006 WL 2092575, at *5-*7 (E.D. Pa. July 26, 2006) (applying *Rhines* factors in the case of a mixed habeas petition). The Third Circuit has not yet defined "good cause" in the context of habeas stays and abeyances. Importantly, courts have allowed petitioners to "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Green*, 2006 WL 2092575, at *6 (stating "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). Given the lengthy history of this case, the court finds good cause for Wyatt to have filed a "protective" petition.

      Additionally, the court can not conclude that Wyatt's claim is "plainly meritless." As discussed above, the court will not address such a claim until the Pennsylvania Supreme Court has. Finally, although Wyatt has initiated many proceedings in both the state and federal courts, nothing suggests he has engaged in "abusive litigation tactics or intentional delay." Thus, the court may stay Wyatt's petition and place this proceeding in abeyance. Within thirty days of the conclusion of the Pennsylvania Supreme Court's review of Wyatt's sentencing credit claim, Wyatt and the respondents shall notify this court that those proceedings are concluded and the case is ready to proceed in this court.

      An appropriate order follows.