## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WYATT, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | No. 2:08-cv-00614 |
|     v. | : | |
| | : | |
| DAVID DIGUGLIELMO, <u>et. al.</u>, | : | |
|     Respondents. | : | |

### Memorandum

YOHN, J.                                                                                    March 4, 2010

Petitioner, Kevin Wyatt, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. On

January 26, 2004, a state trial court sentenced Wyatt to ten- to twenty-years' imprisonment after

he pleaded guilty to third-degree murder, a sentence that was to run consecutively to two ten- to

twenty-year consecutive sentences he was already serving for two robbery convictions with credit

for time served. Wyatt claims that he has not been given proper credit by the Pennsylvania

Department of Corrections (the "DOC") for time served. Wyatt failed, however, to appeal the

rejection by the Commonwealth Court of this sentencing-credit claim to the Pennsylvania

Supreme Court, thus he did not exhaust the claim. In addition, the instant § 2254 petition is

untimely. Accordingly, I will dismiss the petition as both procedurally barred and untimely,

without issuing a certificate of appealability.

## I.        Factual and Procedural Background

On March 10, 1992, a jury found Wyatt guilty of first-degree murder and two counts of

robbery. (Resp'ts' Answer to Pet. for Writ of Habeas Corpus ("Resp'ts' Answer") Ex. R-1

(Court of Common Pleas Docket Report) and Ex. R-2 (Commitment Papers).) On June 1, 1993,

Wyatt was sentenced to life in prison on the murder charge, to be served concurrently with separate, consecutive sentences of ten to twenty years on each of the two robbery charges. (Id.)[1]

On September 18, 1997, Wyatt filed a petition for a writ of habeas corpus under the Post Conviction Relief Act (the "PCRA"), 42 Pa. Con. Stat. §§ 9541-9546. Commw. v. Wyatt, No. 2050 EDA 1999, 2001 WL 34731263, at *3 (Appellee's Letter Brief). On June 18, 1999, the Court of Common Pleas denied the PCRA petition. Id. at *4. On July 16, 2001, the Pennsylvania Superior Court affirmed the denial of relief as to the robbery charges, but reversed the PCRA court as to the first-degree murder charge, vacated Wyatt's conviction on the murder charge, and remanded the case to the Court of Common Pleas for a new trial on the murder charge alone. Commw. v. Wyatt, No. 2050 EDA 1999, slip op. at 1 (Pa. Super. Ct. July 16, 2001) (Resp'ts' Answer Ex. R-4).

On January 26, 2004, Wyatt pleaded guilty in the Court of Common Pleas to the charge of third-degree murder.[2] The same day, the Court of Common Pleas sentenced Wyatt to a term of imprisonment of ten to twenty years, to run consecutively to the previously imposed robbery

---

[1] On September 30, 1996, Wyatt filed a petition for habeas relief in this court, which, on November 27, 1996, I dismissed without prejudice for failure to exhaust state court remedies. Wyatt v. Larkins, No. 96-6597, Docket Nos. 1 and 6 (E.D. Pa. Nov. 27, 1996).

[2] On January 14, 2004, a short time before he pleaded guilty to third-degree murder, Wyatt petitioned this court for habeas relief for the second time. Wyatt v. DiGuglielmo, No. 04-148, 2005 WL 1114350, at *2 (E.D. Pa. May 10, 2005). In the second federal habeas petition, Wyatt argued that his counsel from his 1992 trial was ineffective. On May 10, 2005, finding no merit in his claims, I denied Wyatt's second habeas petition. Id. at *11. On July 27, 2005, the Third Circuit denied Wyatt's application for a certificate of appealability and, on December 2, 2005, the U.S. Supreme Court denied Wyatt's petition for a writ of certiorari. Wyatt v. DiGuglielmo, No. 07-5493, 2008 WL 2790206, at *1 (E.D. Pa. July 18, 2008). On December 27, 2007, Wyatt filed a motion in this court under Fed. R. Civ. P. 60(b)(6) for relief from the court's May 10, 2005, order. Id. at *2. I treated the motion as a successive habeas petition and dismissed it as having been presented in a prior application and denied. Id. at *2-3. I also concluded, in the alternative, that I would deny the motion as untimely and without merit even if it were to be considered under Rule 60(b)(6) instead. Id. at *4-5.

sentences.  <u>Commw. v. Wyatt</u>, No. 51-CR-0603901-1990 (Pa. Ct. Com. Pl. Jan. 26, 2004) (Resp'ts' Answer Ex. R-5).  The sentencing order specified that Wyatt's new third-degree murder sentence was to be "consecutive to all sentences" that Wyatt was currently serving, which would, of course, include the two existing sentences for the robbery convictions.  (<u>Id.</u>)  The sentencing order further specified that Wyatt was "to receive credit for all time in this case."  <u>Id.</u>

On April 1, 2004, the DOC updated Wyatt's Sentence Status Summary.  (Resp'ts' Answer Ex. R-6).  The DOC aggregated Wyatt's three ten- to twenty-year sentences into a thirty- to sixty-year term of imprisonment.  (<u>Id.</u>)  Crediting Wyatt for time he served prior to his original sentencing, the DOC determined that Wyatt had an effective date of imprisonment of August 14, 1991, a minimum release date of August 14, 2021, and a maximum release date of August 14, 2051.  (<u>Id.</u>)[3]

Wyatt disputes these minimum and maximum release dates, and his disagreement with respondents forms the basis for the instant petition.  He argues that he should be given credit on his robbery sentences *and* his new third-degree murder sentence for approximately twelve and a half years served prior to the imposition of the new third-degree murder sentence.  Wyatt first raised this sentencing-credit claim on December 29, 2005, in his second petition to the Court of Common Pleas under the PCRA.  (Pet'r's Traverse at 7; Resp'ts' Answer Ex. R-11 at 3 n.5.)  In addition, on February 22, 2006, while the second PCRA petition was still pending, Wyatt filed a separate petition for review of his sentencing-credit claim in the Commonwealth Court of Pennsylvania.  (Resp'ts' Answer Ex. R-8 (Commonwealth Court Docket, No. 74 MD 2006).)

---

[3] The DOC credited Wyatt for the time he spent in custody between his March 10, 1992, convictions and his June 1, 1993, sentencing, as well as for the time he spent in custody on another case between May 22, 1990, and December 17, 1990, which was never credited to that or any other case.  (<u>Id.</u> at 3 n.2.)  Combined, these credits gave Wyatt an effective date of imprisonment of August 14, 1991.  (<u>Id.</u>)  Wyatt does not dispute this date.

In his petition for review with the Commonwealth Court, Wyatt alleged that he was entitled to credit on his third-degree murder sentence for time served from August 14, 1991, to January 26, 2004, as well as on the robbery convictions. (Id. Ex. R-11 at 3.) The Commonwealth Court dismissed the petition for review on March 29, 2006, concluding that Wyatt had received credit for all time served since August 14, 1991, and was not entitled to double credit:

> The aggregation of consecutive sentences is mandatory. Commonwealth ex rel. Smith v. Department of Corrections, 829 A.2d 788 (Pa. Commw. 2003); Gillespie v. Department of Corrections, 527 A.2d 1061 (Pa. Commw. 1987). Time credit can only be given when it has not already been credited against another sentence and mandamus is not available to compel an award of double credit. 42 Pa. C. S. §9760; Taglienti v. Department of Corrections, 806 A.2d 988 (Pa. Commw. 2002); Doxsey v. Pennsylvania Department of Corrections, 674 A.2d 1173 (Pa. Commw. 1996).

(Resp'ts' Answer Ex. R-12 (citations omitted).)[4] On April 12, 2006, the Commonwealth Court denied Wyatt's application for reconsideration. (Id. Ex. R-11 at 4 n.7.) Wyatt did not appeal this decision to the Pennsylvania Supreme Court, so that the issue was final on May 12, 2006.

On May 9, 2006, Wyatt filed a second petition for review with the Commonwealth Court, raising the same sentencing-credit claim. (Id. Ex. R-9 (Commonwealth Court Docket, No. 289 MD 2006) and Ex. R-11 at 4.) On May 17, 2006, the Commonwealth Court dismissed this

---

[4] Respondents submitted the Commonwealth Court's March 29, 2006, decision as an attachment to their Supplement to Answer to Petition For Writ of Habeas Corpus, filed on September 23, 2008, and labeled it "Ex. R-12." More than a year later, on October 2, 2009, respondents submitted a Notice of Conclusion of State Court Review of Petitioner's Claims, and attached an order from the Pennsylvania Supreme Court affirming the Commonwealth Court's rejection of Wyatt's third sentencing-credit claim, an order that respondents mislabeled as another "Ex. R-12." Hereinafter, I will refer to the first Ex. R-12 as "Ex. R-12.1" and the second as "Ex. R-12.2."

second petition for review as duplicative of the first one. (Id. Ex. R-9 (Commonwealth Court Docket, No. 289 MD 2006) and Ex. R-11 at 4.)[5]

On October 23, 2006, the Court of Common Pleas dismissed Wyatt's second PCRA petition. (Pet'r's Traverse at 7.) Wyatt appealed this decision to the Superior Court on November 9, 2006. (Id. at 4.)

On August 8, 2007, the Superior Court affirmed the decision by the Court of Common Pleas to reject Wyatt's second PCRA petition, concluding that the Court of Common Pleas lacked jurisdiction over any claims regarding Wyatt's robbery charges and convictions because those claims had been raised in Wyatt's first PCRA petition and rejected by both the Court of Common Pleas and the Superior Court. Commw. v. Wyatt, No. 3233 EDA 2006, slip. op. at 8 (Pa. Super. Ct. Aug. 8, 2007). With regard to the murder charge, conviction, and sentencing, the Superior Court concluded that Wyatt's claims were untimely. (Id. at 6-7.) Assuming without deciding that Wyatt's sentencing-credit claim was based on new evidence, the Superior Court found that the sentencing judge did, in fact, give credit to Wyatt for all time served. (Id. at 8.) The court then concluded that any claim "that the DOC miscalculated a sentence"—the claim at issue here—does not implicate "the legality of a sentence imposed" and therefore "is not cognizable under the PCRA" and must be filed directly "with the DOC or in an original action before the Pennsylvania Commonwealth Court." (Id.) Reconsideration was denied on September 28, 2007.

On November 26, 2007, Wyatt filed a third petition for review with the Commonwealth Court. (Id. Ex. R-10 (Commonwealth Court Docket, No. 558 MD 2007) and Ex. R-11 at 4.)

_____

[5] As with the Commonwealth Court's decision regarding his first petition for review, Wyatt did not appeal this second rejection of his sentencing-credit claim either.

Wyatt alleged that, based on "newly disclosed records" and procedural facts, he was entitled to an award of twelve and a half years of credit for time served on the murder charge to reduce, as the Commonwealth Court noted, his third-degree murder sentence of ten to twenty years to a sentence of zero to seven years and a half years.  (Id. Ex. R-11 at 4.)  Wyatt asserted that the DOC, despite being bound to follow the order of the Court of Common Pleas, had continuously refused to award him such credit.  (Id.)  As to the "newly disclosed records" supporting this third petition for review, Wyatt apparently cited the August 8, 2007, opinion by the Superior Court in which the court, in the midst of rejecting Wyatt's second PCRA petition, noted that in the sentencing order on the third-degree murder conviction the Court of Common Pleas had directed that Wyatt receive credit for all time served.  (Id.)

On February 5, 2008, while his third petition for review was still pending in the Commonwealth Court, Wyatt submitted the instant petition for federal habeas relief to prison officials, and it appeared on the docket of this court two days later, on February 7, 2008.  Wyatt raised two claims in the instant petition:  (1) that the Philadelphia District Attorney's Office maintained a policy of racial discrimination in jury selection, which affected the selection jurors in his case, in violation of the rule announced in Batson v. Kentucky, 476 U.S. 79 (1986); and (2) as discussed above, that he did not receive credit for the time he spent in custody for first-degree murder prior to his resentencing for third-degree murder, allegedly in violation of his federally protected due process and equal protection rights.

On March 20, 2008, I referred the instant petition to the Third Circuit for consideration as a second or successive petition.  On May 22, 2008, as to the Batson claim, the Third Circuit denied Wyatt's application to file a second or successive petition because he did not satisfy the requirements of 28 U.S.C. § 2244(b)(2).  In re: Kevin Wyatt, No. 08-1914 (3d Cir. May 22,

2008). The Third Circuit also held, however, that Wyatt's sentencing-credit claim did not

constitute a second or successive petition to this court and that the claim therefore could proceed

without the Third Circuit's authorization. Id.

On July 25, 2008, the Commonwealth Court dismissed Wyatt's third petition for review

on grounds of collateral estoppel. Wyatt v. Beard, No. 558 M.D. 2007, slip op. at 2-3 (Pa.

Commw. Ct. July 25, 2008) (Resp'ts' Answer Ex. R-11 at 6-7). The Commonwealth Court

rejected Wyatt's argument that the reference in the Superior Court's August 8, 2007, opinion to

his entitlement to credit for time served was "newly discovered" evidence and that any court

orders issued prior to this "newly discovered" Superior Court opinion "must be contrary to that

opinion." (Id. at 5.) The court noted that the respondents had never disputed that Wyatt should

receive credit for time served. (Id. at 6.) Instead, Wyatt was merely "once again challenging the

manner in which his sentences were calculated." (Id.) The court concluded that Wyatt's "factual

allegations and his recitation of legal issues in [his third] petition and his prior petitions are

indistinguishable" and that the court had already "dismissed Petitioner's prior petitions for

review based on their identical substantive facts and legal issues":

> We note that Petitioner has now filed three separate petitions for review alleging
> the same facts and the same legal issues before this Court. . . . [W]e have
> previously concluded that the evidence of record in Petitioner's case reveals that
> the sentences were properly calculated/aggregated and that Petitioner is really
> seeking what amounts to an impermissible double credit. Petitioner has not and
> cannot point to any legal authority entitling him to such double credit.

(Id. at 6.)[6]

---

[6] The Commonwealth Court also highlighted the Superior Court's conclusion "that any
claims regarding a computation or miscalculation of sentence are not cognizable under the
PCRA" and that Wyatt should have presented his sentencing-credit claim directly to the DOC or
in an original action before the Commonwealth Court. (Resp'ts' Answer Ex. R-11 at 3 n.5).

As to this latest decision by the Commonwealth Court, dismissing his third petition for review, Wyatt filed a notice of appeal to the Pennsylvania Supreme Court on August 4, 2008. (Resp'ts' Answer Ex. R-10.)  On May 28, 2009, I stayed the instant petition and placed it in abeyance until the Pennsylvania Supreme Court ruled on Wyatt's appeal of the Commonwealth Court's dismissal.  (Docket No. 21.)  On October 1, 2009, the Pennsylvania Supreme Court affirmed the Commonwealth Court's July 25, 2008, decision without opinion.  (Resp'ts' Answer Ex. 12.2.)  Accordingly, the instant petition is now ready for review in this court.

Wyatt claims in the instant petition that after he received his new sentence for third-degree murder he was not given proper credit for time served.  Wyatt argues he should be given credit on his new sentence for third-degree murder for twelve and a half years of imprisonment served prior to its imposition.  In addition, he seeks credit for that same time served against two ten- to twenty-year consecutive sentences that he had been serving for two robberies.  He claims he should be released as early as August 14, 2011.  Respondents argue that Wyatt's sentencing-credit calculation involves improper double-counting.  They argue that (1) all time served is taken into account by using the effective date of imprisonment, August 14, 1991, as the start date of the calculation, and (2) because the new ten- to twenty-year sentence was ordered to run consecutively to the other two ten- to twenty-year sentences, the sentences should be added together for a total of thirty to sixty years, for an earliest release date of August 14, 2021.  Regardless, they argue, and I agree, that Wyatt failed to exhaust the rejection of the claim in state court by not appealing to the Pennsylvania Supreme Court and that the instant petition is, in any event, untimely.  I will dismiss the petition as procedurally barred and untimely, without issuing a certificate of appealability.

## II.    Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the court's review of the instant petition.  Under AEDPA, a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Id. § 2254(a).  Habeas relief is unavailable "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . .  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

Prior to reaching these substantive issues, however, the court must first determine whether petitioner's claims are properly before the court.  The court cannot grant habeas relief under § 2254 "unless the petitioner has 'exhausted the remedies available in the courts of the State.'"  Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)(A)).  "Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court."  Wheeler v. Pa. Bd. of Probation and Parole, No. 06-0559, 2007 WL 1366888, at *4 (E.D. Pa. May 4, 2007) (internal citations omitted).  The requirement of exhaustion is "grounded in principles of comity . . . [giving] States . . . the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights."  Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Thus, "[a]ll claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts." Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b) and O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts.") (emphasis in original)). To fairly present claims, "a petitioner must 'present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005) (quoting McCandless v. Vaughan, 172 F.3d 255, 261 (3d Cir. 1999)).

If, however, a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for purposes of federal habeas . . . ." Coleman, 501 U.S. at 735 n.1. "A federal court cannot grant relief where the petitioner 'has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.'" Id. at 749. "If a bypassed state remedy is no longer available because it is time-barred due to a state limitations period, the petitioner will be deemed to have procedurally defaulted those claims." Stidham v. Varano, No. 08-3216, 2009 WL 1609423, at *24 (E.D. Pa. June 9, 2009) (citing O'Sullivan, 526 U.S. at 848).

In addition, AEDPA features a one-year statute of limitations for federal habeas petitions, although it allows tolling of this statute of limitations while "a properly filed application for State post-conviction or other collateral review . . . is pending":

> (1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run *from the latest of--*

   (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*.

   (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

## III.   Discussion

Applying these standards, I conclude that the instant petition is procedurally barred and untimely. The Commonwealth Court rejected Wyatt's claim on the merits on April 12, 2006, the first time he raised it. Because Wyatt failed to appeal that decision to the Pennsylvania Supreme Court, the instant petition is procedurally barred. In addition, because the instant petition is untimely, I must dismiss it as violative of the one-year statute of limitations set forth in AEDPA.

   **A.   The Instant Petition is Procedurally Barred Because Wyatt Failed to Appeal to the Pennsylvania Supreme Court the Commonwealth Court's Rejection of his Sentencing-Credit Claim**

I first conclude that the instant petition is procedurally barred because a petitioner in cases falling within the Commonwealth Court's original jurisdiction, like Wyatt's, has the right to a

direct appeal to the Pennsylvania Supreme Court and must exercise that right in order to exhaust his or her state remedies. Wyatt failed to file such an appeal from the Commonwealth Court's rejection of his first petition for review on April 12, 2006.

Normally, in Pennsylvania, a petitioner in a PCRA action need not seek review with the Pennsylvania Supreme Court to properly exhaust a claim. Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) (holding that the Pennsylvania Supreme Court is "unavailable" for purposes of exhaustion, because that court, by its own order, does not require a petitioner to petition for allocatur from an adverse Superior Court ruling in order to exhaust).[7] A petitioner typically only needs to present a claim to the Pennsylvania Superior Court to have exhausted the claim. See Williams v. Folio, No. 07-1099, 2008 WL 336306, at *3 (E.D. Pa. Feb. 4, 2008) (stating that "a habeas petitioner successfully exhausts a claim by bringing it to the Superior Court either on direct appeal or during PCRA proceedings").

In Wyatt's case, however, this typical exhaustion regime does not apply. Wyatt was required to present the sentencing-credit claim to the Commonwealth Court for review under the court's original jurisdiction, pursuant to 42 Pa. Con. Stat. § 761. Wheeler, 2007 WL 1366888, at *5; Bright v. Pa. Bd. of Prob. & Parole, 831 A.2d 775, 777-78 (Pa. Commw. Ct. 2003). Indeed, the Superior Court's August 8, 2007, opinion concludes that because "a claim of an erroneous calculation by the DOC" does not implicate "the legality of a sentence imposed" it is therefore

---

[7] In this order, the Pennsylvania Supreme Court declared that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000).

"not cognizable under the PCRA" and should be filed "directly with the DOC or in an original

action before the Pennsylvania Commonwealth Court." <u>Commw. v. Wyatt</u>, No. 3233 EDA 2006,

slip. op. at 8 (Pa. Super. Ct. Aug. 8, 2007). The Commonwealth Court first addressed Wyatt's

sentencing-credit claim on the merits in an opinion and order dated March 29, 2006. Wyatt's

petition for reconsideration was denied on April 12, 2006. Because the Commonwealth Court

acted as a court of original jurisdiction with regard to the sentencing-credit claim, Wyatt had the

automatic right of direct appeal to the Pennsylvania Supreme Court. <u>McMahon v. Pa. Bd. of

Prob. & Parole</u>, 470 A.2d 1337, 1337 (Pa. 1983); Pa. R. App. P. 1101; <u>see also</u> 42 Pa. Con. Stat.

§ 723 (Pennsylvania Supreme Court has exclusive jurisdiction to hear appeal of cases brought

under the original jurisdiction of Commonwealth Court.) Wyatt did not avail himself of that

right.

To have preserved his sentencing-credit claim, Wyatt needed to appeal the

Commonwealth Court's March 29, 2006, and April 12, 2006, decisions to the Pennsylvania

Supreme Court. That court would then have considered the merits of Wyatt's claims. To timely

appeal the decision, Wyatt needed to file his notice of appeal within 30 days. Pa. R. App. P. 903.

He did not do so and has not established any basis to excuse his failure to do so.[8] Because he has

not presented his claim to the highest state tribunal he has not exhausted his claim.

He can now no longer pursue his claim in state court because of "an independent and

adequate state procedural rule" requiring the appeal to be filed within 30 days. He is thus

---

[8] Instead of appealing the rejection of the first petition for review to the Pennsylvania
Supreme Court, Wyatt filed two more petitions for review with the Commonwealth Court,
raising the same claim as before.

procedurally defaulted for this claim. Federal courts may not consider the merits of a claim that is procedurally defaulted "unless the petitioner 'establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default.'" Lines, 208 F.3d at 160 (quoting McCandless, 172 F.3d at 260). "Cause" sufficient to excuse Wyatt's procedural default requires a showing that some objective factor outside of Wyatt's control prevented him from complying with Pennsylvania's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Fundamental miscarriage of justice" sufficient to excuse Wyatt's procedural default requires a showing that he is "actually innocent." Schlup v. Delo, 513 U.S. 298, 321-22 (1995). Applying these standards, Wyatt does not present any evidence or argument: (1) that there is any valid "cause" outside of his control for his failure to appeal the Commonwealth Court's March 29, 2006, and April 12, 2006, decisions; or (2) that he is "actually innocent."

Accordingly, Wyatt's sentencing-credit claim is procedurally barred.

### B. The Instant Petition is Outside of the Applicable Statute of Limitations

In addition, the instant petition is outside of the one-year statute of limitations under AEDPA for federal habeas petitions, even considering AEDPA's allowance for tolling of this statute of limitations while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d).

Because the Commonwealth Court was the only Pennsylvania court that actually had original jurisdiction to hear Wyatt's sentencing-credit claim, Wyatt's only "properly filed" application for relief was his first petition for review with the Commonwealth Court. As the Commonwealth Court and the Superior Court both stated, his sentencing-credit claim was not cognizable under the PCRA and therefore should not have been filed as a PCRA petition with the

- 14 -

Court of Common Pleas or the Superior Court. Furthermore, his second and third petitions for review filed with the Commonwealth Court were merely duplicative of the first.

The Commonwealth Court dismissed the "properly filed" petition for review on March 29, 2006, and denied Wyatt's application for a rehearing on April 12, 2006. Wyatt's right to appeal these decisions expired 30 days later, on May 12, 2006. Wyatt therefore, at best, was required to present his claims to this court by May 12, 2007, one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). He did not, however, submit the instant petition to prison officials until February 5, 2008, and the petition was not docketed in this court until February 7, 2008. It is, therefore, untimely and must be dismissed.

Wyatt argues, however, that the limitations period for his sentencing credit claim did not begin to run until November 29, 2005, when he received a "certified sentencing order" from his third-degree murder sentencing (dated January 26, 2004) and discovered that this order "was not in conformance with the plea agreement in [his] case, as it revealed that the trial court failed to specify Petitioner's credit for time already served under [the murder charge] from August 14, 1991 to January 26, 2004." (Pet'r's Traverse at 6.) Wyatt characterizes this discovery as "after discovered evidence," id., and claims that November 29, 2005, should serve as the start date for his one-year AEDPA limitations period under § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Even assuming that this sentencing order forms the "factual predicate" of Wyatt's claim, however, there is no evidence to demonstrate that November 29, 2005, was the earliest date on

which Wyatt could have discovered that predicate "through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Wyatt fails to establish—or even to explain—why the sentencing order, dated January 26, 2004, only became available to him on November 29, 2005. Moreover, even assuming that Wyatt's AEDPA limitations period began to run on November 29, 2005, he did not submit the present habeas petition to prison officials until February 5, 2008, and it was not docketed with the court until February 7, 2008. Thus, the instant petition would be untimely unless the limitations period was sufficiently tolled.

"The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003) (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With respect to the first exception, for statutory tolling, in order for any of Wyatt's Superior and Commonwealth Court filings to toll AEDPA's limitations period they must have been "properly filed." The only "properly filed" application for review of Wyatt's sentencing-credit claim was Wyatt's first petition for review with the Commonwealth Court, which was pending from February 22, 2006, when he filed it, to May 12, 2006, his deadline for appeal—79 days. Thus, even assuming Wyatt's argument that the AEDPA statute of limitations did not begin to run until November 29, 2005, the instant petition would still be untimely. Wyatt would only be entitled to tolling of 79 days, which would mean that he would have had to file the instant petition by February 16, 2007. Yet he did not submit the instant petition to prison officials until February 5, 2008, and it was not docketed in this court until

February 7, 2008, almost a year after limitations period would have expired. With respect to the second exception, for equitable tolling, there is no evidence or argument to support such tolling.

Accordingly, I will dismiss the instant petition as untimely as well.

### C. The Court Will Not Issue a Certificate of Appealability

Given the court's present ruling, the court need not address the merits of petitioner's claim. There remains, however, the issue of whether the court should issue to Wyatt a certificate of appealability under 28 U.S.C. § 2253(c):

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, "[d]etermining whether a [certificate of appealability] should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. If either component is lacking, a court may not issue a certificate of appealability under § 2253(c). Id. at 485.

Here, because Wyatt failed to appeal to the Pennsylvania Supreme Court the Commonwealth Court's first rejection of his sentencing-credit claim, the court is convinced that jurists of reason would not debate that Wyatt's sentencing-credit claim is procedurally barred.

Nor would they debate the court's conclusion that the petition is untimely. As the procedural component of the inquiry enunciated in <u>Slack</u> is lacking, the court need not address the second, constitutional <u>Slack</u> component, and the court will not issue a certificate of appealability.

**IV.  Conclusion**

The instant petition regarding Wyatt's sentencing-credit claim is procedurally barred because he failed to appeal the claim to the Pennsylvania Supreme Court after the Commonwealth Court first rejected it. In addition, because the instant petition is, in any event, untimely, it must be dismissed. Accordingly, I will dismiss the instant petition. Furthermore, because jurists of reason would not debate that Wyatt's sentencing-credit claim is procedurally barred or that the petition is untimely, I will not issue a certificate of appealability.